IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COY L. RICH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-19-10-STE |
| ) | |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-25). Subsequently, the Appeals Council denied

Plaintiff's request for review,[1] making the ALJ's decision the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 23, 2013, his alleged onset date. (TR. 12). At step two, the ALJ determined that Mr. Rich had the following severe impairments: degenerative disc disease of the cervical spine and degenerative joint disease of the right shoulder, status post arthroscopic rotator cuff repair and subsequent open repair. (TR. 12). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13).

At step four, the ALJ concluded that Mr. Rich was unable to perform any past relevant work, but retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except he is limited to frequent balancing, stooping, kneeling, and climbing ramps and stairs. He can occasionally crouch, and climb ladders, ropes, or scaffolds, but can never crawl. He can occasionally reach overhead with the right upper extremity and can frequently grip, handle, finger, and feel with the dominant right hand.

(TR. 23, 14). With this RFC, the ALJ proceeded to step five and presented these limitations to a vocational expert (VE) to determine whether there were other jobs in the national

---

[1] (TR. 1-3).

economy that Plaintiff could perform. (TR. 60). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 60). The ALJ adopted the VE's testimony and concluded that Mr. Rich was not disabled at step five. (TR. 24-25).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Mr. Rich alleges the ALJ erred: (1) in evaluating opinions from various medical sources and (2) at step five. (ECF No. 18:5-13).

## V. THE ALJ'S EVALUATION OF MEDICAL OPINIONS

Plaintiff alleges error in the ALJ's consideration of medical opinions offered by: (1) Dr. M. Sean O'Brien; (2) Dr. James Odor; (3) Dr. David Holden; and (4) Dr. John Munneke. (ECF No. 18:5-9).

### A. Background

Mr. Rich filed for benefits, alleging disability beginning on December 23, 2013 resulting, in part, from a right shoulder impairment and cervical degenerative disc disease. (ECF 18:1). In 2014, Mr. Rich began treatment with Dr. O'Brien and his PA, Kevin Mason, who diagnosed a partial tear of Plaintiff's right rotator cuff and treated the impairment with injections. (TR. 874, 879). On March 21, 2014, Dr. O'Brien assessed Plaintiff with temporary restrictions lasting for two months, involving: (1) no overhead lifting and (2) no lifting over 10 pounds. (TR. 891-892). Dr. O'Brien also referred Plaintiff to Dr. Darryl Robinson, who treated Mr. Rich with epidural steroid injections on April 4, 2014, May 9, 2014, and June 13, 2014. (TR. 370, 373, 376, 401, 418, 892).

On May 22, 2014, Dr. Stephen Wilson evaluated Plaintiff, noting that he continued to suffer from pain, loss of range of motion, and weakness in his right shoulder which was exacerbated with overhead lifting or "away-from-the-body-movements." (TR. 897). Dr. Wilson opined that Plaintiff was "temporarily totally disabled for an undetermined amount of time pending further medical evaluation and treatment." (TR. 898). On May 4, 2015, Dr. O'Brien released Mr. Rich to return to "full duty" work. (TR. 1039).

On August 20, 2015, Dr. Odor performed surgery on Plaintiff's neck at cervical level 5-6. (TR. 828). On September 9 and 18, 2015, Dr. Odor noted that Plaintiff was

4

"temporarily totally disabled," but Dr. Odor did not note any particular restrictions at that time. (TR. 801, 804). On October 23, 2015, Dr. Odor noted a temporary 10-pound lifting restriction for 1 month and on November 23, 2015, Dr. Odor increased the temporary lifting limitation to 15 pounds, lasting for an additional 6-8 weeks. (TR. 796, 798).

On May 17, 2016, Plaintiff was seen by Dr. Holden at the McBride Clinic, and opined that Plaintiff could perform "light duty" work with: (1) no pushing or pulling over 20 pounds, (2) no lifting or carrying over 15 pounds, and (3) "limited use of his right arm," i.e., no reaching overhead or away from the body. (TR. 1078-1079). Dr. Holden echoed these restrictions on June 13, 2016. (TR. 1081-1083).

On May 16, 2017, and in connection with Plaintiff's worker's compensation claim, Dr. Munneke examined Mr. Rich and evaluated his medical records. (TR. 1106-1111). Dr. Munneke opined that Plaintiff was at "maximum medical improvement" and additional treatment to his neck or right shoulder was not indicated. (TR. 1110). Dr. Munneke also stated that any temporary impairment had ended on May 4, 2015, when Dr. O'Brien released Plaintiff to full duty work. (TR. 1110). Finally, Dr. Munneke concluded that Mr. Rich exhibited a "residual disability of 15% impairment to his right shoulder." (TR. 1110).

### B. The ALJ's Duty to Evaluate Medical Opinions

An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). In determining what weight to accord any medical opinion, an ALJ must consider:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship,

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) the consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Hamlin*, at 1215, n. 7. Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

Additionally, the ALJ may not selectively review any medical opinion and must provide a proper explanation to support his findings. *See Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."). And if the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### C. No Error in the ALJ's Evaluation of Opinions from Drs. O'Brien, Odor, Holden, and Munneke

Plaintiff argues error in the ALJ's consideration of opinions from Drs. O'Brien, Odor, Holden, and Munneke. (ECF No. 18:5-9). The Court disagrees.

#### 1. Dr. O'Brien

For the period of December 23, 2013 through the date of the administrative decision, January 26, 2018, the ALJ concluded that Mr. Rich was not disabled, but retained an RFC to perform light work (which involved lifting no more than 20 pounds occasionally and 10 pounds frequently)[2] with an added limitation that Plaintiff could only occasionally reach overhead with his right arm. (TR. 14). Mr. Rich alleges that Dr. O'Brien's March 21, 2014 opinion conflicts with the RFC, and that the ALJ erred in consideration of the same. (ECF No. 18:6-8). According to Plaintiff, Dr. O'Brien's opinion would have supported different RFC findings for a period from March 21, 2014 (the date of Dr. O'Brien's temporary restrictions involving no overhead lifting and no lifting over 10 pounds) through May 4, 2015 (when Dr. O'Brien released Plaintiff to "full duty"). (ECF No. 18:6-8). Plaintiff further argues that Dr. O'Brien's opinion was supported by opinions from Dr. Robinson and Dr. Wilson, which the ALJ failed to discuss. (ECF No. 18:6-7). The Court rejects these allegations.

In discussing Dr. O'Brien's opinion, the ALJ stated:

> On March 21, 2014, Dr. O'Brien provided a medical source statement wherein he opined the claimant could not lift over 10 pounds and could perform no overhead lifting, but these restrictions applied for only two months. By May 4, 2015, Dr. O'Brien opined the claimant could return to full duty work. The undersigned affords these opinions only partial weight.

---

[2] 20 C.F.R. §§ 404.1567(b).

> Specifically, the March 21, 2014, opinion contains only temporary restrictions for two months. Furthermore, considering the evidence in the light most favorable to the claimant, the undersigned finds Dr. O'Brien's … [May 4, 2015 opinion to be] somewhat of an overstatement[] of the claimant's functional abilities. Notwithstanding, as the claimant's treating orthopedic surgeon, the undersigned finds his opinions are somewhat persuasive, as they certainly indicate the claimant is capable of performing a reduced range of light work.

(TR. 21). Mr. Rich does not contest the ALJ's rationales for according only partial weight to Dr. O'Brien's opinion. *See* ECF No. 18:5-9. And indeed, the fact that Dr. O'Brien's March 21 opinion contained only temporary restrictions provided a legitimate basis on which to discount the opinion. See *Wall v. Astrue*, 561 F.3d 1048, 1065–66 (10th Cir. 2009) ("the ALJ's failure to discuss Claimant's rescinded work restrictions cannot be reversible error."); *Mitchell v. Berryhill*, No. CIV-17-889-G, 2019 WL 1199859, at *2 (W.D. Okla. Mar. 14, 2019) (noting "permanent, later-issued restrictions are generally more probative of a claimant's abilities than are temporary restrictions."); *Otte v. Berryhill*, No. CV 18-2006-JWL, 2018 WL 5263515, at *4 (D. Kan. Oct. 23, 2018) (affirming ALJ's decision to accord no weight to "temporary restrictions" which did "not reflect the claimant's functional capacity throughout the relevant period.").

Furthermore, contrary to Plaintiff's assertions that the ALJ failed to discuss opinions from Dr. Robinson and Dr. Wilson, the record reveals otherwise. *See* TR. 21 (ALJ's discussion of Dr. Wilson's May 22 opinion, according it "partial weight" because: (1) Dr. Wilson's opinion was only temporary, (2) Dr. Wilson's opinion on Plaintiff's disability was on an issue reserved to the Commissioner, and (3) Dr. Wilson rendered his opinion prior to Mr. Rich's second shoulder and neck surgery, which left Dr. Wilson's opinion incomplete regarding Plaintiff's condition throughout the period of alleged disability.); TR. 17 (ALJ's

8

discussion of Dr. Robinson's treatment of Plaintiff involving epidural steroid injections and facet joint medial branch blocks).

### 2. Dr. Odor

Next, Plaintiff argues that his August 20, 2015 surgery and subsequent restrictions from Dr. Odor are inconsistent with the lifting restrictions in the RFC and the ALJ erred in failing to properly evaluate opinions from Dr. Odor dated October 23 and November 23, 2015. (ECF No. 18:8). The Court disagrees. In those opinions, Dr. Odor stated that Plaintiff was limited to lifting restrictions involving 10 and 15 pounds, respectively. (TR, 796, 798). Ultimately, on March 9, 2016, Dr. Odor released Plaintiff from his care, noting permanent lifting restrictions of 25 pounds. (TR. 831). According to Mr. Rich, the RFC is inconsistent with Dr. Odor's opinion and the ALJ erred in evaluating the same. (ECF No. 18:8).

As stated, this Court's purview is not to reweigh the evidence, but only to ensure that the ALJ's decision is free from legal error and is supported by substantial evidence. *See supra*, *Wilson* and *Vigil*. Thus, to the extent Mr. Rich is asking the Court to reweigh Dr. Odor's opinion in his favor, his argument fails. Additionally, the Court finds that the ALJ properly evaluated Dr. Odor's October and November 2015 opinions, discounting them as offering only temporary restrictions, which "d[id] not render complete statements as to the claimant's condition throughout the relevant period of alleged disability." (TR. 18, 22); *see supra*. Ultimately, the ALJ adopted Dr. Odor's March 9, 2016 opinion which limited Plaintiff to a 25-pound lifting restriction,[3] a finding which Mr. Rich does not dispute.

---

[3] (TR. 19-20).

9

### 3. Dr. Holden

Next, Plaintiff argues that the RFC is undermined by opinions from Dr. Holden dated May 17, 2016 and June 13, 2016, which imposed a lifting restriction up to 15 pounds and disallowed reaching overhead or away from his body. (ECF No. 18:9); *see* TR. 1079, 1083. Again, Plaintiff alleges the ALJ erred in evaluating these opinions, but again, Plaintiff is wrong. The ALJ evaluated the opinions, affording them only "partial weight," because: (1) they were inconsistent with the evidence of record, including examination notes from Dr. Holden and findings on an EMG and MR arthrogram, and (2) Dr. O'Brien, Plaintiff's treating orthopedic surgeon, had released Mr. Rich to full work duty in May 2015. (TR. 22). After weighing the opinions, the ALJ found that they were consistent with an RFC for "occasional overhead reaching." (TR. 22). As stated, the Court cannot re-weigh the evidence to reach a different conclusion. The ALJ discussed the opinion and explained why he had accorded it only partial weight. That was all he was required to do. *See supra*.

### 4. Dr. Munneke

Finally, Mr. Rich states: "The ALJ relies on the rating physician, Dr. John Munneke as his reasoning to cobble together the RFC of 20 pounds with no overhead lifting. But Dr. Munneke is a rating doctor, which makes his opinion subordinate to the medical source statements, as discussed, *supra*." (ECF No. 18:9) (internal citation omitted). Mr. Rich incorrectly characterizes the ALJ's treatment of Dr. Munneke's opinion. Instead of citing Dr. Munneke's opinion in support of the RFC lifting restriction, the ALJ affords the opinion "only partial weight" to the extent that the opinion supports a "reduced range of

light work." (TR. 22). Dr. Munneke did not offer a specific opinion regarding a lifting restriction, but instead stated that Plaintiff was considered to have a 15% impairment to his right shoulder and a 17% impairment to the body as a whole. (TR. 1110). The ALJ acknowledged the opinions, but discounted them, noting that they had been procured against the backdrop of a worker's compensation claim and Dr. Munneke had not offered any functional limitations. (TR. 22). Plaintiff's challenge to the ALJ's treatment of Dr. Munneke's opinion is without merit.

## VI. STEP FIVE

At step five, the ALJ concluded that Mr. Rich was not disabled based on his ability to perform the jobs of merchandise marker, DOT #209.587-034; cashier II, DOT #211.462-010; and deli cutter, DOT #316.684-014. (TR. 24). The ALJ reached this conclusion after adopting the VE's testimony regarding Mr. Rich's ability to perform these jobs. *See* TR. 24, 60. Plaintiff alleges error at step five because the hypothetical to the VE failed to include Dr. O'Brien's lifting restriction as set forth in the March 21, 2014 opinion, and Dr. Holden's May 17, 2016 opinion regarding overhead reaching. (ECF No. 18:10). But as discussed, the ALJ properly rejected these opinions, thereby eliminating them from inclusion in the RFC and hypothetical. *See Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013).

Because the Court rejected Plaintiff's challenges to the ALJ's treatment of various opinions which formed the RFC and resulting hypothetical, "[those] conclusion[s] fatally undercut[] Mr. [Rich's] objection to the VE inquiry underlying the denial of disability at step four." *Suttles v. Colvin*, 543 F. App'x 824, 827 (10th Cir. 2013).

11

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. For the reasons explained, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on December 13, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE